On Rehearing.
LAND, J.
Plaintiff, by indorsing the original bill of lading, and delivering the same to Davies, vested in'him the legal title to the car of machinery. Davies used this bill of lading for the purpose of consigning the car to the Mamou Company under other bills of lading. The latter bills he attached to two time drafts for $3,500 each drawn on the said company. The bank discounted these two drafts for Davies, a regular customer. These drafts were accepted by the Mamou Company, but were not honored at maturity, and both were duly protested. As a legal consequence, both Davies and the Mamou Company became the debtors in solido of said bank for the amounts of said drafts, with legal interest thereon from their maturities. The transaction, as it appeared and was represented by Davies to the bank, was a sale -by Davies to the Mamou Company. Davies stated to the bank officials that the Mamou Company had a paid-up capital stock of $30,000. Said company, after' repeated promises of payment of these drafts, executed a mortgage in favor of Davies on its plant, including the machinery in question, to secure ten notes of $2,500 each. The act of mortgage recited that the consideration was money borrowed from Davies to the amount of $25,000. The resolution of the board of directors authorizing the mortgage also constituted Davies as trustee of all the funds and moneys of the Mamou Company until the mortgage notes were paid in full. These notes were delivered to Davies, who pledged them to the bank as collateral security for his indebtedness to *739 it. The Mamou Company insured all of its machinery in ten companies, and, after assigning the policies in blank, delivered them to Davies, who in turn pledged them to the bank as collateral security. The machinery was subsequently destroyed by fire, and the bank collected the insurance, and credited Davies with the proceeds thereof.
Plaintiff took no action in the premises until after the loss had been adjusted, and the amounts found due paid to the bank. Plaintiff, quoad the defendant bank, held out Davies as the owner of the machinery, and cannot be permitted to assert ownership in the Mamou Company at the time the bank advanced the $7,000 to Davies on the pledge of the bills of lading, as stated supra. As to the revocatory action, the judgment of the plaintiff was against the Mamou Company. The bank received no securities' from that company, but from Davies, to whom the mortgage notes were given for loans of money, and to whom the policies assigned in blank were delivered. The evidence shows that Davies was in good standing and credit when the $7,000 was advanced by the bank, and that, if he subsequently became insolvent, the bank had no notice of his embarrassed condition. The fact that the bank-continued to make advances to Davies tends to prove that it had no notice of his insolvency.
The evidence shows that the assignments of the policies of insurance were in the usual form where such instruments are intended to be used as collateral. The insurance companies recognized the bank’s right to collect as assignee. This was a matter between the bank and the insurance companies.
The policies were delivered by the Mamou Company to Davies, who was not only a creditor for a large amount, but also was trustee for all the funds and revenues of the company until the mortgage notes were paid.
On the law and facts of the case, the judgment below was in favor of the defendant.
For the additional reasons assigned in the foregoing opinion, it is ordered that our former decree herein be reinstated and made the final judgment of the court; and it is further ordered that the plaintiff and appellant pay the costs of this appeal.